USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/18/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRIS H.,

    Plaintiff,

v.

THE STATE OF NEW YORK and TANDRA L. DAWSON, *severally, jointly, in her individual capacity, and in her official capacity as a justice of the New York Supreme Court.*

    Defendants.

No. 17-CV-2902 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Chris Henry, proceeding *pro se*, brings this action against the State of New York and Justice Tandra L. Dawson, asserting claims under federal (Counts 1-5, 7-15) and state law (Counts 6, 16-25) arising from unrelated state court proceedings. Before the Court is Defendants' motion to dismiss all of Plaintiff's claims pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND[1]

### I. The Parties

Plaintiff is a resident of New York. Compl. ¶ 24. Defendant Honorable Tandra L. Dawson was at all relevant times a justice of the New York Supreme Court who presided over Plaintiff's matrimonial dispute. *Id.* at 25.

---

[1] Unless otherwise noted, these facts are drawn from the Complaint and exhibits attached thereto. For purposes of deciding this motion, the Court accepts as true all facts alleged by Plaintiff. *See, e.g., LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

## II. The Events Giving Rise to Plaintiff's Claims[2]

On April 12, 2017, Plaintiff appeared before Justice Dawson at a hearing regarding his matrimonial dispute. Compl. ¶ 37. In the course of that action, Justice Dawson had previously ordered Plaintiff to pay for an appraisal of the marital residence. *Id.* Ex. B, at 1. After Plaintiff failed to comply with that order, Justice Dawson found him in civil contempt. *Id.* Ex. C, at 44. At approximately 1:30 p.m. on April 12, Plaintiff was remanded into custody. *Id.* ¶ 39. Plaintiff was handcuffed and taken to the holding cell located in the back of the courtroom. *Id.* ¶ 40. According to Plaintiff, the cell lacked a toilet and sink and he was not provided food or water. *Id.* ¶ 42.

At approximately 6:00 p.m., Plaintiff was transported to the Manhattan Detention Center. *Id.* ¶ 43. Plaintiff alleges that he was strip-searched, forced to provide his clothes to the officers, and was given an inmate uniform. *Id.* ¶ 45. Plaintiff was then taken to the basement, where he was placed in another cell that was approximately six feet by five feet in size. *Id.* ¶ 47. Plaintiff claims that the cell was dirty, smelly, windowless, and dark. *Id.* ¶ 48.

On April 14, Plaintiff was released after paying the $1,500 appraisal fee. *Id.* ¶ 51. Plaintiff asserts that, during the course of his incarceration, he was not provided any food and was given only three cups of water. *Id.* ¶ 52.

Prior to these events, on April 4, 2017, Plaintiff had submitted a Notice of Motion for the Recusal of Justice Dawson. *Id.* ¶ 59.

---

[2] Before these events transpired, Plaintiff filed a separate action against, *inter alia*, Justice Dawson and the State of New York. *See* No. 16-CV-6807, Compl., Aug. 30, 2016, ECF No. 1. That action was dismissed in its entirety by Judge Lorna Schofield on July 5, 2017. *See Chris H. v. New York*, No. 16-CV-6807 (LGS), 2017 WL 2880848 (S.D.N.Y. July 28, 2017).

## III. Procedural History

On April 21, 2017, Plaintiff filed his Complaint, asserting twenty-five claims based on federal and state law. Dkt 1. Plaintiff subsequently filed two motions asking the Court to take judicial notice, first, of the termination of an unrelated criminal action against Plaintiff, Dkt. 10, and, second, of a variety of posts on the internet pertaining to the alleged biases of, and misconduct by, Justice Dawson, Dkt. 11. On May 15, 2017, Defendants submitted the instant motion, seeking the dismissal of the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 12. Plaintiff then filed motions with this Court seeking the removal of Justice Dawson, Dkt. 24, and asking the Court to take judicial notice of the "influence of politics on the New York judiciary," Dkt. 38. On June 6, 2017, the Court stayed discovery in this matter pending the resolution of Defendants' motion to dismiss. Dkt. 29.

## STANDARD OF REVIEW

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively identical." *Murray v. Lakeland Central School District Board of Education*, No. 16-CV-6795, 2017 WL 4286658, at *3 (S.D.N.Y. Sept. 26, 2017). "In deciding both types of motions, the Court must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *Id.* To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[w]here, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for

3

relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (alterations, citations, and internal quotation marks omitted).

## DISCUSSION

### I. Sovereign Immunity Bars Plaintiff's Federal Claims Against New York State and Justice Dawson in Her Official Capacity.

The Eleventh Amendment bars federal court jurisdiction over claims asserted against states or their employees in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The most pertinent exceptions to this rule are the following: if (1) a state consents to suit in federal court or (2) Congress abrogates the states' immunity pursuant to Section 5 of the Fourteenth Amendment. *See Bd. of Trust. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64 (2001), *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also McGinty v. New York*, 25 F.3d 84, 91 (2d Cir. 2001); *Davis v. Westchester Cty. Family Court*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *5 (S.D.N.Y. Sept. 26, 2017).

As Plaintiff here has asserted federal claims against the State of New York and Justice Dawson in her official capacity pursuant to 42 U.S.C. §§ 1983 and 1985, neither of the noted exceptions to the Eleventh Amendment bar on federal jurisdiction applies. The State of New York has not consented to being sued in federal court, *see Jones v. N.Y. State Metro Developmental Disabilities Services Officers*, 543 F. App'x 20, 22 (2d Cir. 2013), and Congress has not abrogated states' immunity for claims brought pursuant to either § 1983, *e.g. Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989), or § 1985, *e.g. Qader v. Cohen & Slamowitz*, No. 10-CV-01664 (GBD), 2011 WL 102752, at *3 (S.D.N.Y. Jan. 10, 2011). Counts 1-5 and 7-15 of the Complaint, therefore, are dismissed to the extent that they assert claims against the State of New York and Justice Dawson in her official capacity.

## II. Judicial Immunity Bars Plaintiff's Federal Claims Against Justice Dawson in Her Individual Capacity.

Although the Eleventh Amendment does not bar claims asserted against Justice Dawson in her individual capacity, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985), judges are immune from claims asserted against them individually if the doctrine of judicial immunity applies, *see Sundwall v. Leuba*, 28 F. App'x 11, 12-13 (2d Cir. 2002) (summary order). A judge is entitled to immunity if (1) "at the time he took the challenged action[,] he had jurisdiction over the subject matter before him" and (2) the "relevant action [wa]s judicial in nature." *Huminski v. Corsones*, 396 F.3d 53, 74-75. Jurisdiction is construed broadly such that a judge may be held liable "only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57. An action is judicial, moreover, when "it is a function normally performed by a judge" and the plaintiff "dealt with the judge in his official capacity." *Huminski*, 396 F.3d at 75.

The requirements for judicial immunity are clearly met here. At all relevant times, Justice Dawson was an acting justice of the New York Supreme Court and had jurisdiction over the state court proceedings giving rise to Plaintiff's claims. *See* N.Y. Const. art. VI, § 7(a)-(b). Justice Dawson was also empowered to take the actions that serve as the basis of Plaintiff's suit: (1) she could "punish [Plaintiff], by fine and imprisonment," for his "neglect or violation of duty, or other misconduct" that "defeated, impaired, impeded, or prejudiced" another party's rights including "non-payment of a sum of money, ordered or adjudged by the court to be paid." N.Y. Jud. Law § 753(a)(3). Contrary to Plaintiff's assertions, Justice Dawson was not deprived of jurisdiction merely because Plaintiff sued her in another court and filed a motion seeking her recusal. *See Trimarco v. Data Treasury Corp.*, 146 A.D.3d 1004, 1008 (2d Dep't 2017).

Each of Justice Dawson's actions was indisputably judicial in nature, as she conducted a contempt hearing and issued an order in a matrimonial action. *See* Compl. ¶¶ 12, 14-15, 37-39,

Ex. B & C. While Plaintiff asserts that Justice Dawson should have recused herself, he does not—and cannot—contest that his interactions with her occurred while she was acting in her capacity as a judge. Judicial immunity thus bars all claims asserted against Justice Dawson in her individual capacity. Counts 1-5 and 7-15 of the Complaint are accordingly dismissed in their entirety.[3]

## III. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

Plaintiff also brings causes of action alleging various violations of New York law and the state's constitution. The Court declines to exercise supplemental jurisdiction over these remaining claims.

Federal district courts have supplemental jurisdiction over non-federal law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may, at its discretion "decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). The Supreme Court has instructed that, in deciding whether to exercise supplemental jurisdiction, a district court should balance the traditional "values of judicial economy, convenience, fairness, and comity." *Carnegie Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). As a general rule, "if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations,* 597 F.3d 107, 113-14 (2d Cir. 2010) (citation and internal quotation marks omitted). Although the exercise of supplemental jurisdiction is discretionary, the ordinary case "will point toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lynch*

---

[3] Because the Court dismisses all of Plaintiff's federal law claims, it need not reach Defendants' argument in the alternative that these claims are also barred by the domestic relations exception. *See* MTD 8-10.

6

*Ltd. P'ship Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *Cohill,* 484 U.S. at 350 n.7). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.

## IV. Plaintiff's Pending Motions are Moot.

Finally, Plaintiff has filed motions seeking judicial notice of the dismissal of criminal charges filed against him and of various internet websites. He has also sought the recusal of Justice Dawson from the state proceedings. Having dismissed or declined to exercise jurisdiction over all of Plaintiff's claims, these motions are denied as moot. *See, e.g., Williams v. City of New York*, No. 16-CV-4315 (JGK), 2017 WL 4124335, at *1 (S.D.N.Y. Sept. 14, 2017).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted as to Plaintiff's federal law claims and the Court declines to exercise supplemental jurisdiction over the remaining state claims. Plaintiff's other motions are denied as moot. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries ten, eleven, twelve, twenty-four, and thirty-eight and to close the case.

SO ORDERED.

Dated: December 18, 2017
New York, New York

Ronnie Abrams
United States District Judge